IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY GLOVER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **1:13-cv-02040-KOB** |
| **PATRICK R. DONAHOE, Postmaster** ) | |
| **General of the United States, in his** ) | |
| **official and individual capacity;** ) | |
| **DARREN BUGGS, in his official and** ) | |
| **individual capacity; DERRICK KING,** ) | |
| **in his official and individual capacity;** ) | |
| **and STEPHANIE JOHNSON, in her** ) | |
| **official and individual capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Jeffrey Glover, a United States Postal Service employee, sues the Postmaster General and three Postal Service employees. He alleges that the defendants discriminated against him because of his race and gender; violated his due process rights; retaliated against him; and defamed his character. Prior to the beginning of discovery, the United States Attorney filed a certification pursuant to 28 U.S.C. § 2679(d)(1)[1], stating that all of the individually-named defendants acted within the scope of their employment at the time of the alleged libel and slander. The U.S. Attorney filed the certification as a requirement to substitute the United States

---

[1] Section 2679(d)(1) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."


as a party for the individually-named defendants for only the libel and slander claims. (Doc. 16). Because of the potentially dispositive effect[2] the certification may have on Mr. Glover's libel and slander claims, the court allowed briefing on the issue. (Docs. 18, 20, 22). Mr. Glover challenges the U.S. Attorney's certification and requests both discovery and an evidentiary hearing on the matter. (Doc. 22).

The issue before the court, then, is whether it must allow discovery and hold an evidentiary hearing when a plaintiff challenges a scope of employment certification filed under 28 U.S.C. § 2679(d)(1) for the purpose of substituting the United States as a party for individually-named defendants.

For the following reasons, this court will DENY Mr. Glover's request for discovery and an evidentiary hearing, and ORDER the United States to be SUBSTITUTED as a defendant for the individually-named defendants in this case ___only___ as to the libel and slander claims. All other claims against the individually-named defendants remain unchanged.

## II.  LEGAL STANDARD

Congress passed the Federal Employees Liability Reform and Tort Compensation Act of 1988 (Westfall Act), 28 U.S.C. § 2679(d)(1) (2012), to balance the need for vindicating infringed-upon rights with the need to "protect federal employees from personal liability for common law torts committed within the scope of their employment." *S.J. & W. Ranch, Inc. v.*

---

[2]  In the defendants' pending "Motion to Dismiss First Amended Complaint," (doc. 17), they argue that, if the United States is substituted as a party for the libel and slander claims, the court must dismiss those claims under 28 U.S.C. § 2860(h). Section 2860(h) states that the Federal Tort Claims Act—allowing suit against the United States Government—does not apply to any claims arising out of libel or slander. The court will consider the merits of this argument when it separately addresses the motion to dismiss.

*Lehtinen*, 913 F.2d 1538, 1540 (11th Cir. 1990). Section 2679(d)(1) authorizes the Attorney General to substitute the United States as a party for any individually-named employee who acted within the scope of his employment at the time of the alleged offensive conduct. The Attorney General has delegated the authority to make such certifications to the United States Attorney for the district in which the civil action is brought. 28 C.F.R. § 15.4(a) (2014).

Contrary to the defendants' assertions, the U.S. Attorney's certification does not preclude the district court from reviewing whether the employee, in fact, was acting within the scope of his employment when the challenged conduct occurred. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 433 (1995) ("Because [28 U.S.C. § 2679(d)(1)] is reasonably susceptible to divergent interpretation, we adopt the reading that accords with traditional understandings and basic principles: that executive determinations generally are subject to judicial review . . . ."). Indeed, because of the "highly discretionary and potentially biased nature of the . . . certification," the Eleventh Circuit Court of Appeals has held that a district court reviews the U.S. Attorney's certification *de novo*. *Lehtinen*, 913 F.2d at 1543.

## III.  DISCUSSION

In making its *de novo* determination on a scope of employment certification, the district court is entitled to treat an unchallenged certification as "prima facie evidence that the employee conduct at issue occurred within the scope of the employment." *Lehtinen*, 913 F.2d at 1543. While a plaintiff has a right to challenge the certification's veracity, the plaintiff bears the "burden of altering the status quo by proving the employee acted outside the scope of employment." *Id.* Although scheduling an evidentiary hearing on a challenged certification may be one way to resolve the dispute in an appropriate case, this court agrees that "[t]he Eleventh

Circuit has not suggested . . . that an evidentiary hearing is required or that discovery must be permitted *every* time the Attorney Generals' certification is challenged." *Pritchett v. Milstid*, 891 F. Supp. 1541, 1544 (S.D. Ala. 1995) (emphasis added). Where, as here, the plaintiff fails to allege any facts suggesting the employee may have acted beyond the scope of his employment, the district court can substitute the United States as a defendant in place of an employee without additional discovery, a hearing, or further fact-finding. *Id.* Discovery and an evidentiary hearing are only necessary when the plaintiff raises a material factual dispute. *Id.* at 1545.

Mr. Glover challenges the certification on four separate grounds. First, he argues that the certification was inappropriate because the provision allowing for substitution does not apply to claims based on constitutional violations and certain other statutes specifically permitting a cause of action against individual federal employees. *See, e.g.*, 28 U.S.C. § 2679(b)(2) (2012). Second, even assuming the substitution provision applies, Mr. Glover suggests that the possibility that the U.S. Attorney could later withdraw the certification under 28 C.F.R. § 15.4(c) cautions against substituting the government before discovery has even begun. Third, he asserts substitution is inappropriate in this case because the U.S. Attorney did not disclose the facts upon which she relied in the certification, depriving Mr. Glover of a fair opportunity to challenge the certification. Finally, Mr. Glover states that, although he cannot allege any facts suggesting the defendants were not acting within the scope of their employment, "[i]t is clear from the fact of the filing of the suit that Plaintiff believed the employees to be acting outside the scope of their employment in defaming the Plaintiff." (Doc. 22).

Because the U.S. Attorney submitted the certification only as to Mr. Glover's common law claims of slander and libel, Mr. Glover's argument that the provision allowing substitution

4

does not apply here is inapposite.  Although 28 U.S.C. § 2679(b)(2) does state that a plaintiff may seek redress against individual government employees for constitutional and certain federal statutory violations, the defendants in this case seek substitution *only* as to the libel and slander claims.  The constitutional violations Mr. Glover raises against the individually-named defendants in addition to the libel and slander claims do not prevent the substitution of the United States as a defendant only for the libel and slander claims.  Thus, contrary to his argument, 28 U.S.C. § 2679(b)(2) does not prohibit the U.S. Attorney's certification in this case.

      Mr. Glover's suggestion that the certification is premature similarly lacks merit.  The possibility that a U.S. Attorney may later withdraw a certification does not require the court to wait until discovery has ended to substitute the United States as a party.  Such a result would unnecessarily burden individually-named defendants, who would be forced to defend themselves against claims that ultimately could only proceed against the United States.  One of Congress's stated purposes in passing the Westfall Act was to provide additional protection to federal employees from "the threat of protracted personal tort litigation."  Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100–694, § 2(a)(5), 102 Stat. 4563 (1988).  To require individually-named defendants to litigate every case through the end of discovery before allowing substitution of the United States would seriously undermine the purpose of the statute.

      In addition, the failure of the U.S. Attorney to recite the specific facts upon which she relied does not deprive Mr. Glover of an opportunity to challenge the certification or automatically entitle him to discovery.  Mr. Glover is or should be aware of the wrongful conduct that forms the basis of his slander and libel claims.  The traditional lack of specificity in the

certification[3] and the inability to conduct discovery on the issue does not prevent him from making good-faith, factual arguments that the alleged conduct was not within the scope of the defendants' employment. Although a more detailed certification would facilitate making such arguments, the burden of showing that the defendant-employees were not acting within the scope of their employment ultimately rests on the plaintiff. *Lehtinen*, 913 F.2d at 1543. Mr. Glover's failure to identify *any* facts suggesting the defendants were not acting within the scope of their employment enables this court to proceed without the delay of discovery or an evidentiary hearing.

Finally, Mr. Glover's suggestion that merely filing his lawsuit sufficiently implies that the defendant-employees acted outside the scope of their employment rests upon a misunderstanding of what "acting outside the scope of one's employment" means. To determine whether an employee acted within the scope of his employment, the court must examine the law of the state in which the incident occurred. *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (quoting *Lehtinen*, 913 F.2d at 1542)).

Under Alabama law, an employee acts within the scope of his employment if his conduct is "incident to carrying out the duties assigned to him by his master." *Wood v. Holiday Inns, Inc.*, 508 F.2d 167, 174 (5th Cir. 1975)[4] (applying Alabama law); *see also Copeland v. Samford*

---

[3] *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 421 (1995) ("The certification, as is customary, stated no reasons for the U.S. Attorney's scope-of-employment determination."); *see also Seneca v. United South & Eastern Tribes*, 318 F. App'x 741, 744 (11th Cir. 2008) (holding that the U.S. Attorney's certification stating merely that "the individual named defendants . . . were acting within the scope of their employment as employees of the Government at the time of the events alleged" met the requirements of 28 U.S.C. § 2679(d)(1)).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all Fifth Circuit decisions issued

*University*, 686 So. 2d 190, 193 (Ala. 1996) ("'[G]enerally, where the injury results from the execution of the employment, the master is liable.'") (quoting *Goodloe v. Memphis & C.R. Co.*, 18 So. 166, 167 (Ala. 1895)). While an employee's "radical deviation wholly for personal motives" may not be attributable to the master, *Copeland*, 686 So. 2d at 193, Alabama law recognizes that an employee may still act within the scope of his employment even if he attempts to accomplish the master's business "in a manner contrary to the master's expressed instructions," *Wood*, 508 F.2d at 174. In close cases, the question is ultimately whether the "servant's deviation from the master's business is slight . . . . [or] very 'marked and unusual.'" *Hendley v. Springhill Memorial Hosp.*, 575 So. 2d 547, 550 (Ala. 1990).

These general rules demonstrate that, under Alabama law, an employee can be guilty of violating a plaintiff's rights while still acting within the scope of his employment. Thus, Mr. Glover's proposition that the very existence of his complaint alleging that the defendant-employees violated his rights shows that the defendants were acting outside the scope of their employment is inconsistent with Alabama law. If the court were to embrace Mr. Glover's position, it would be forced to allow discovery and hold an evidentiary hearing even absent a factual challenge to the certification. Contrary to Mr. Glover's argument, such a use of court and party resources is only warranted upon the plaintiff's raising a genuine factual dispute. *See Pritchett v. Milstid*, 891 F. Supp. 1541, 1545 (S.D. Ala. 1995).

Here, Mr. Glover fails to allege any facts even implying that the individually-named defendants were not acting within the scope of their employment at the time of the alleged offense giving rise to his libel and slander claims. Although the court is not required to give the

---

before October 1, 1981.

challenged certification any deference, Mr. Glover bears the burden of "altering the status quo." *Lehtinen*, 913 F.2d at 1542. Based on his failure to make *any* actual allegation that the defendants were not acting within the scope of their employment at the time of the offense, Mr. Glover has not raised a question to justify an evidentiary hearing and discovery on the issue.

To the contrary, the facts alleged in the amended complaint support the U.S. Attorney's certification that the individually-named defendants were acting within the scope of their employment during the events that gave rise to the plaintiff's claims for libel and slander. According to the complaint, the defendant-employees took their actions in furtherance of their obligation to investigate and discipline United States Postal Service employees charged with misconduct. The fact that they allegedly made harmful written or oral statements about Mr. Glover's reported misconduct does not render their actions outside the scope of their employment, even if making those statements were not necessary to performing their duties. *See Wood*, 508 F.2d at 174. Here, the alleged wrongful conduct occurred during the defendants' execution of their responsibilities; Mr. Glover has failed to give the court any reason to believe his requested delay for discovery on the issue and an evidentiary hearing would be worthwhile.

Because the court finds that the complaint adequately supports the U.S. Attorney's certification that the defendants acted within the scope of their employment regarding Mr. Glover's libel and slander claims, the court will DENY Mr. Glover's request for an evidentiary hearing and discovery. In making this decision, the court notes that Mr. Glover will not be prejudiced by the denial of preliminary discovery. Because the certification only affects two claims, all of the individually-named defendants will remain in the case as to Mr. Glover's other claims of discrimination, due process violations, and retaliation, and will participate in discovery.

## IV. CONCLUSION

This court has reviewed all the submissions of the parties and reviewed the U.S. Attorney's Certification *de novo*. See Lehtinen, 913 F.2d at 1543. Based on all the information available at this time, the court WILL ORDER the United States to be SUBSTITUTED as the defendant in this case *only* as to Mr. Glover's common law tort claims of libel and slander. All other claims against the individually-named Postal Service employees will remain unchanged by the certification.

DONE and ORDERED this the 13th day of May, 2014.

*/s/ Karon O. Bowdre*
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE